UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

PLUMBERS & STEAMFITTERS LOCAL NO. 434 AND MCA OF NORTHWEST WISCONSIN HEALTH & WELFARE FUND, PLUMBERS & STEAMFITTERS LOCAL NO. 434 AND MCA OF NORTHWEST WISCONSIN APPRENTICESHIP FUND, PLUMBERS & STEAMFITTERS LOCAL NO. 434 AND MCA OF NORTHWEST WISCONSIN SUPPLEMENTAL/401(K) RETIREMENT FUND, and MITCH RUNGE and JEFF GAECKE, in their capacities as Plan Trustees,

WISCONSIN SHEET METAL HEALTH AND BENEFIT FUND, RETIREMENT PLAN FOR EMPLOYEES REPRESENTED BY SHEET METAL WORKERS LOCAL UNION 18, EAU CLAIRE, LA CROSSE & WAUSAU AREA LOCAL 18 TRAINING FUND, and ROBERT JOSSART and SCOTT KNOCKE, in their capacities as Plan Trustees,

                Plaintiffs,

v.

ADVANCED MECHANICAL AND PLUMBING, INC.,

                Defendant.

Case No. 25-cv-197

---

## COMPLAINT

In support of their claims against Defendant Advanced Mechanical and Plumbing ("Advanced Mechanical"), Plaintiffs Plumbers & Steamfitters Local No. 434 and MCA of Northwest Wisconsin Health & Welfare Fund, Plumbers & Steamfitters Local No. 434

53321587v4

and MCA of Northwest Wisconsin Apprenticeship Fund, Plumbers & Steamfitters Local No. 434 and MCA of Northwest Wisconsin Supplemental/401(k) Retirement Fund, (collectively, the "Local 434 Funds"), and Mitch Runge and Jeff Gaecke, in their capacities as Local 434 Funds Trustees, and Wisconsin Sheet Metal Health and Benefit Fund, Retirement Plan for Employees Represented by Sheet Metal Workers Local Union 18, Eau Caire, La Crosse and Wausau Area Local 18 Training Fund (collectively, the "Local 18 Funds" and together with the Local 434 Funds, the "Funds"), and Robert Jossart and Scott Knocke, in their capacities as Local 18 Funds Trustees, by their attorneys, Reinhart Boerner Van Deuren, s.c., allege the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132), in that this is an action by an ERISA benefits plan fiduciary to redress Defendant's violations of the terms of the Fund's trust agreements and ERISA Section 515 (29 U.S.C. § 1145).

2. Venue is proper in this Court under Section 502(e)(2) of ERISA (29 U.S.C. 1132(e)(2)), because Defendant is located in this federal district and the breaches giving rise to this action took place in this federal district.

## THE PARTIES

3. The Funds are ERISA benefit funds and bring this action on behalf of the Trustees, participants and beneficiaries of the Funds.

4. The Local 434 Funds maintain administrative offices in Duluth, Minnesota and the Local 18 Funds maintain administrative offices in Milwaukee, Wisconsin.

5. Plaintiffs Mitch Runge and Jeff Gaecke are Trustees of the Local 434 Funds, and Robert Jossart and Scott Knocke are Trustees of the Local 18 Funds.

6. Advanced Mechanical is a Wisconsin corporation with a principal place of business at 8550 Highland Drive, Wausau, Wisconsin. Its registered agent for service of process is Bradley Bretl, 225749 Swan Avenue, Wausau, Wisconsin 54401.

## FACTUAL BACKGROUND

7. Advanced Mechanical is a party to the collective bargaining agreement ("CBA") between the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, Local Union No. 434 ("Local 434") and the Mechanical Contractors Association of Northwest Wisconsin, Inc. (the "Local 434 CBA"). True and correct copies of the Local 434 CBA, both the CBA in effect when Advanced Mechanical became a contributing employer and that in effect when this dispute arose through Advanced Mechanical's failure to make required contributions, are attached hereto as **Exhibit A**.

8. Advanced Mechanical agreed to be bound by the Local 434 CBA on March 27, 2020 by countersigning the Local 434 CBA. A true and correct copy of the signature page Advanced Mechanical signed is attached hereto as **Exhibit B.**

9. Advanced Mechanical is also a party to the CBA between the International Association of Sheet Metal, Air, Rail and Transportation Workers Local No. 18 ("Local 18") and the Mechanical Contractors Association of Northwest Wisconsin and Signatory Contractors in the Wausau Area (the "Local 18 CBA" and together with the Local 434 CBA, the "CBAs"). True and correct copies of the Local 18 CBA, both the CBA in effect when Advanced Mechanical became a contributing employer and that in effect when this

53321587v4

3

dispute arose through Advanced Mechanical's failure to make required contributions, are attached hereto as **Exhibit C**.

10. Advanced Mechanical agreed to be bound by the Local 18 CBA on May 1, 2023 by means of executing a Letter of Assent, which remains in effect today. A true and correct copy of the Letter of Assent is attached hereto as **Exhibit D.**

11. By agreeing to be bound by the CBAs, Advanced Mechanical adopted and assented to all the terms and provisions of the Funds' trust agreements, including all rules and regulations adopted by the Funds' trustees.

12. The Funds have adopted Delinquency Collection Procedure policies (the "Policies"). The Local 424 Funds' policy is attached as **Exhibit E**. The Local 18 Funds' policy is attached as **Exhibit F**. The Policies empower the Funds under the circumstances of this case to collect, in addition to delinquent contributions, interest, liquidated damages, and costs of collection, including reasonable attorneys' fees.

13. ERISA Section 502(g)(2) (29 U.S.C. § 1132(g)(2)) also provides that in an action to collect delinquent contributions in which the fund prevails, the Court shall award, in addition to the delinquent contributions, interest, liquidated damages, and the costs of collection, including reasonable attorneys' fees.

14. Advanced Mechanical has violated the Funds' trust agreements by failing to make timely contributions to the Funds for all of Advanced Mechanical's covered employees and failing to accurately and timely report employee work status to the Funds.

15. With respect to the Local 434 Funds, Advanced Mechanical has contributed to the Fund at incorrect rates, resulting in non-payment of required contributions and has failed to make contributions identified in an audit (the "Local 434 Audit") of Advanced Mechanical's payroll records. The Local 434 Audit results are

attached as **Exhibit G**. Advanced Mechanical has made partial payments—totaling $4,389—to address the contributions identified in the audit but has not paid the remaining amounts owed.

16. For the Local 434 Audit, Advanced Mechanical owes the Local 434 Funds $15,446.65 in unpaid delinquent contributions, $3,943.38[1] in liquidated damages, and $1,290.58[2] in interest, for a total of $20,680.61.

17. As a result of its failure to contribute at appropriate rates, Advanced Mechanical owes the Local 434 Funds $10,297.61 in delinquent contributions. Advanced Mechanical's failure to contribute at appropriate rates extends back to June of 2021. Advanced Mechanical owes liquidated damages and interest on these delinquent contributions. However, the Local 434 Funds have yet to calculate those amounts as Advanced Mechanical continues to contribute at inappropriate rates, causing the delinquency as well as the interest and liquidated damages to increase.

18. With respect to the Local 18 Funds, Advanced Mechanical has failed to make certain contributions identified in an audit (the "Local 18 Audit") of Advanced Mechanical's payroll records. The Local 18 Audit results are attached as **Exhibit H**. The audit identified delinquent contributions in October and November of 2023: $3,441.73 and $4,100.99, respectively. Advanced Mechanical owes $1,508.56 in liquidated damages on those unpaid contributions as well as interest which continues to accrue.

---

[1] This amount was calculated by reference to the original delinquency identified in the audit: $19,835.65; which is the appropriate amount to use for purposes of calculating liquidated damages because the partial payments were received after the audit was performed.

[2] This amount was calculated through the date of the audit—January 15, 2024. The Funds reserve the right to update this amount as the contributions remain unpaid.

19. Advanced Mechanical has also made untimely contributions to the Local 18 Funds. Advanced Mechanical paid in October of 2023 contributions owed for work performed in May through August of 2023 and it paid in April contributions owed for work performed in December of 2023 through February of 2024. The following table reflects the contributions Advanced Mechanical paid late as well as liquidated damages (LD) and interest Advanced Mechanical owes on those late-paid contributions:

| Month | Contribution | LD | Interest |
|---|---|---|---|
| May 2023 | $737.60 | $147.52 | $43.27 |
| June 2023 | $3567.76 | $535.16 | $156.54 |
| July 2023 | $2792.16 | $279.22 | $79.84 |
| August 2023 | $4353.06 | $217.64 | $57.94 |
| December 2023 | $3102.40 | $464.88 | $139.46 |
| January 2024 | $3160.57 | $315.74 | $94.71 |
| February 2024 | $310.24 | $15.50 | $4.65 |
| Total owed: | | $1,975.66 | $576.41 |

20. The Funds have issued notices to Advanced Mechanical regarding the amounts owed but Advanced Mechanical has not paid those amounts.

## COUNT I:
## VIOLATION OF ERISA SECTION 515

21. The Funds incorporate by reference the preceding allegations.

22. Advanced Mechanical agreed to make contributions to the Funds as required under the terms of the Funds' the trust agreements.

23. Advanced Mechanical has not made contributions as required.

24. The Funds have demanded that Advanced Mechanical pay all amounts due and owing.

25. Advanced Mechanical has refused to pay the Funds the amounts owed.

26. As a result of Advanced Mechanical's failure to timely make all contributions, Advanced Mechanical is liable to the Funds for violation of ERISA Section 515 (29 U.S.C. Section 1145), and the Funds are entitled to damages as set forth in ERISA Section 502(g)(2) (29 U.S.C. Section 1132(g)(2)).

## COUNT II:
## BREACH OF TRUST AGREEMENT

27. The Funds incorporate by reference the preceding allegations.

28. Advanced Mechanical agreed to make contributions to the Funds as required under the terms of the Funds' trust agreements.

29. Advanced Mechanical has not made contributions as required.

30. The Funds have demanded that Advanced Mechanical pay all amounts due and owing.

31. Advanced Mechanical has refused to pay the Funds the amounts owed.

32. Pursuant to the Policies adopted by the Funds' trustees according to their powers under the trust agreements, the Funds may recover from Advanced Mechanical:

    (a) The amount of the unpaid contributions;

    (b) Liquidated damages as described in the Policy; and

    (c) Interest on the unpaid contributions as described in the Policy; and

    (d) All costs of recovery, including, but not limited to, attorneys' fees and costs of the action.

**WHEREFORE,** Plaintiffs demand the following relief:

A.   Judgment on behalf of the Plaintiffs and against the Defendant:

1)   For unpaid contributions and interest and liquidated damages incurred as a result of the failure to timely pay contributions to the Funds;

2)   For reasonable attorneys' fees and actual costs incurred in the prosecution of this legal action; and

3)   For unpaid contributions, variances, interest, and liquidated damages becoming due and/or arising from the date of the filing of this lawsuit through the date of judgment.

B.   The Court should retain jurisdiction pending compliance with its orders.

C.   For such other, further or different relief as the Court deems just and proper.

Dated this 13th day of March, 2025.

    s/ Daniel G. Murphy
Daniel G. Murphy
WI State Bar ID No. 1097740
dmurphy@reinhartlaw.com
Philip R. O'Brien
WI State Bar ID No. 1015549
pobrien@reinhartlaw.com

Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
Telephone:  414-298-1000
Facsimile:  414-298-8097

*Attorneys for Plaintiffs*